IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FILED
U.S. DISTRICT COURT
... GA

03 JUL 18 AM 9: 12

DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 5:03-cv-0236-○ (DF) |
| | : | |
| $3,107.90 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| ASSET I.D. NO. 03-FBI-001190; | : | |
| | : | |
| First-Named Defendant Property | : | |
| | : | |
| $289,303.71 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| ASSET I.D. NO. 03-FBI-001191; | : | |
| | : | |
| Second-Named Defendant Property | : | |
| | : | |
| $121,803.53 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| ASSET I.D. NO. 03-FBI-001192; | : | |
| | : | |
| Third-Named Defendant Property | : | |
| | : | |
| $9,954.22 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| ASSET I.D. NO. 03-FBI-002141; | : | |
| | : | |
| Fourth-Named Defendant Property | : | |
| | : | |
| $14.00 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| ASSET I.D. NO. 03-FBI-002142; | : | |
| | : | |
| Fifth-Named Defendant Property | : | |
| | : | |
| $6,101.71 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| ASSET I.D. NO. 03-FBI-002145; | : | |
| | : | |
| Sixth-Named Defendant Property | : | |

①

ITEM OF JEWELRY,                              :
ASSET I.D. NO. 03-FBI-002171;                 :
                                              :
    Seventh-Named Defendant Property  :
                                              :
ALL THAT TRACT OR PARCEL OF                   :
LAND CONSISTING OF 444 ACRES,                 :
MORE OR LESS, COMMONLY KNOWN                  :
AS 404 SHADY DALE ROAD,                       :
EATONTON, PUTNAM COUNTY,                      :
GEORGIA, AND ANY AND ALL                      :
APPURTENANCES AND                             :
IMPROVEMENTS THEREON,                         :
                                              :
                                              :
    Eighth-Named Defendant Property  :
                                              :
    and                               :
                                              :
ALL THAT TRACT OR PARCEL OF                   :
LAND MORE COMMONLY KNOWN                      :
AS 155 MANSFIELD COURT, ATHENS,               :
CLARKE COUNTY, GEORGIA, AND                   :
ANY AND ALL APPURTENANCES                     :
AND IMPROVEMENTS THEREON,                     :
                                              :
                                              :
    Ninth-Named Defendant Property   :
_____      :

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW the plaintiff, the United States of America, by and through its attorneys,

Maxwell Wood, United States Attorney for the Middle District of Georgia, and Verda M. Colvin,

Assistant United States Attorney, and respectfully states as follows:

## COUNT ONE

1. This is a civil action <u>in rem</u> brought to enforce 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 2254(a)(3).

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1395.

4. The defendant property is located in the Middle District of Georgia and was seized in Eatonton, Putnam County, Georgia, and/or in Athens, Clarke County, Georgia, places within the jurisdiction of this Court.

5. The first-named defendant property is $3,107.90 in United States currency, more or less which constitutes proceeds from negotiable instruments (money orders and checks) seized from 404 Shady Dale Road in Eatonton, Putnam County, Georgia.

6. The second-named defendant property is $289,303.71 in United States currency, more or less seized from 404 Shady Dale Road in Eatonton, Putnam County, Georgia.

7. The third-named defendant property is $121,803.53 in United States currency, more or less, seized from 155 Mansfield Court, Athens, Clarke County, Georgia.

8. The fourth-named defendant property is $9,954.22 in United States currency, more or less seized from the person of Dwight D. York at 404 Shady Dale Road in Eatonton, Putnam County, Georgia.

9. The fifth-named defendant property is $14.00 in United States currency, more or less seized from 404 Shady Dale Road in Eatonton, Putnam County, Georgia.

3

10. The sixth-named defendant property is $6,101.71 in United States currency, more or less, seized from 155 Mansfield Court, Athens, Clarke County, Georgia.

11. The seventh-named defendant property described in the caption above is an item of jewelry described as a Gold Ankh Cross with Gold Chain seized from the person of Dwight D. York in Putnam County, Georgia.

12. The first, second, third, four, fifth and sixth named defendant properties are presently within the custody of the United States Marshals Service and have been deposited in the Seized Asset Deposit Fund Account.

The seventh-named defendant property (item of jewelry) is presently within the custody of the Untied States Marshals Service.

13. On May 8, 2002, search warrants were executed at 404 Shady Dale Road, Eatonton, Georgia and at 155 Mansfield Court, Athens, Georgia. Both of these properties are owned and operated by Dwight D. York, a/k/a Malachai Z. York, Isa Muhammad, Isa Alihad Mahdi, Baba; d/b/a the Ansaru Allah Community, the United Nation of Nuwaubian Moors and the Al Mahdi Shriners. During this search, numerous items of evidence were found and seized from both locations, including large amounts of cash. The following amounts totaling $430,285.07 were seized from the two locations:

(a) $3,107.90 in United States Currency, more or less, Asset I.D. No. 03-FBI-001190;

(b) $289,303.71 in United States Currency, more or less, Asset I.D. No. 03-FBI-001191;

(c) $121,803.53 in United States Currency, more or less, Asset I.D. No. 03-FBI-001192;

(d) $9,954.22 in United States Currency, more or less, Asset I.D. No. 03-FBI-002141;

(e) $14.00 in United States Currency, more or less, Asset I.D. No. 03-FBI-002142;

(f) $6,101.71 in United States Currency, more or less, Asset I.D. No. 03-FBI-002145; and,

The item of jewelry described as a Gold Ankh Cross and Chain, Asset I.D. No. 03-FBI-002171, was seized from the person of Dwight D. York at the time of his arrest.

14.  Additional facts and circumstances supporting the probable cause for the seizure and forfeiture of the defendant currency is set forth in the affidavit of Special Agent Jalaine Ward, Federal Bureau of Investigation, said affidavit being attached hereto and made a part hereof.

15.  Based on this information, probable cause exists to believe that the defendant currency and item of jewelry are property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7); or,  are property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of 18 U.S.C. § 2423(a), and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) 18  U.S.C. § 2254(a)(3).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the defendant currency and the defendant item of jewelry; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the defendant currency and the defendant item of jewelry  forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

<u>COUNT TWO</u>

1. This is a civil action for forfeiture <u>in rem</u> of real property located in Eatonton, Putnam County, Georgia, and in Athens, Clarke County, Georgia. This Court has jurisdiction under 28 U.S.C. §§ 1345, 1355, and 1395(b).

2. The eighth-named defendant real property is located at 404 Shady Dale Road, Eatonton, Putnam County, Georgia, which is a place within the Middle District of Georgia. Accordingly, this Court has venue under 28 U.S.C. § 1395(b).

3. The eighth-named defendant property subject to forfeiture is all that tract or parcel of land consisting of 444 Acres, more or less, commonly known as 404 Shady Dale Road, Eatonton, Putnam County, Georgia, and any and all appurtenances and improvements thereon, which is more particularly described as:

(a) All that tract or parcel of land consisting of 444 Acres, more or less, commonly known as 404 Shady Dale Road, Eatonton, Putnam County, Georgia, and any and all appurtenances and improvements thereon, more particularly described as follows:

Tract A: All that certain tract or parcel of land in Land Lot 231, 390th G.M.D., Putnam County, Georgia, containing 176.13 acres and being more fully shown and described on a plat of same made by Edwin L. Thompson dated May 4, 1985, of record in Plat Book 12, Page 188, records of the Clerk of Superior Cour of Putnam County, Georgia, which plat is incorporated by reference herein in aid of this description. This is the same property described as "Tract Five" in that certain Executor's Deed of record in Deed Book 5-C, Pages 304-309, Clerk's Office, Putnam County Superior Court and is the same property conveyed to Arne Lassen by deed from C. Arthur Gardner, Jr., et al., dated May 22, 1985, and recorded in Deed Book 6-H, Page 716, said records.

Tract B: All that tract or parcel of land containing 200.716 acres, more or less, in the 390th G.M.D. of Putnam County, Georgia, more particularly described as Tracts 1 and 2 in a deed from H. Grady Leverette, Jr. to Georgia Kraft Company dated December 22, 1978, and recorded in Deed Book 4-Z, Page 282, Deed Records, Putnam County, Georgia, the description in said deed being incorporated herein by reference thereto.

Tracts 1 and 2 are contiguous and are bounded, now or formerly, as follows: Northeast by United States Forest Service and Georgia Pacific Corporation; Southeast by H. Grady Leverette, Jr.; Southwest by William Larman, Jr.; and Northwest by Gardner and Howard and Mrs. C. W. Pinkerton.

Tract 1, containing 183.873 acres, more or less, is more particularly described on a plat prepared by Charles William Roberts recorded in Plat Book 7, Page 23, Putnam County, Georgia records.  Tract 2, containing 16.843 acres, more or less, is more particularly described on a plat prepared by Ralph E. Lackey dated December 18, 1978, and recorded in Deed Book 4-Z, Page 281, Deed Records, Putnam County, Georgia.  Said plats are incorporated herein by reference thereto.

Also conveyed is a non-exclusive 40 foot easement to the above tract of land from Georgia Highway 142 along the common property line of property now or formerly owned by William Larman, Jr. and H. Grady Leverette, Jr., and being the same easement as described in Deed Book 4-Z, Page 282, Deed Records, Putnam County, Georgia.

Tract C, Parcel 1: All that tract or parcel of land lying and being in the 390th G.M.D. of Putnam County, Georgia containing 61.2 acres, more or less, according to a plat of survey for Continental Can Company, Inc. made by H. M. Brown, Georgia R.L.S., dated October 12, 1959, and recorded in Plat Book 2, Page 173, Putnam County, Georgia records; said plat by this reference being incorporated herein for a more particular and accurate description of the property.  Said property being more particularly described as being bounded now and formerly as follows: Northerly and easterly by property of Mrs. Charles Pinkerton; Southerly by property of Arne Lassen; and Westerly by the Easterly right of way line of Georgia Highway No. 142.

Said property is conveyed subject to existing easements and rights of way, if any, affecting or crossing said property.

This is the same property conveyed from Continental Land Sales, inc. to Southern Pine Plantations, Inc. by Limited Warranty deed dated May 13, 1987, and recorded in the Clerk's Office of Putnam Superior Court in Deed Book 6-Z, Page 561.

LESS AND EXCEPT FROM THE ABOVE DESCRIBED PROPERTY:

All that tract or parcel of land, lying and being in the 390th G.M.D. Putnam County, Georgia, containing 6.23 acres, according to a plat of survey for Arne Chr. Lassen, dated September 10, 1988, made by Edwin L. Thompson, Georgia R.L.S., shown as Tract #2 and recorded in Plat Book 15, Page 156, Putnam County, Georgia records; said plat by this reference thereto being incorporated herein for a more particular and accurate description of said property.  Said property being more particularly

described as being bounded now and formerly as follows: Northerly by property of Mrs. Jennie (Charles) Pinkerton; Easterly by property of Mrs. Jennie (Charles) Pinkerton; and Westerly by property of Arne Chr. Lassen and Sandra Gay Lassen.

PRIOR DEED REFERENCE: The above described 6.23 acres is the same property as conveyed by Warranty Deed from Arne Chr. Lassen and Sandra Gay Lassen to Mrs. Jennie (Charles) Pinkerton dated October 4, 1988, and recorded in Deed Book 7-N, Page 254, Clerk's Office, Putnam County Superior Court.

Tract C, Parcel 2: All that tract or parcel of land lying and being in the 390th G.M.D. of Putnam County, Georgia, containing 6.23 acres according to a plat of survey for Arne Chr. Lassen, dated September 10, 1988, made by Edwin L. Thompson, Georgia R.L.S., shown as Tract #3 and recorded in Plat Book 15, Page 156, Putnam County, Georgia records; said plat by this reference thereto being incorporated herein for a more particular and accurate description of said property. Said property being more particularly described as being bounded now or formerly as follows: Easterly by property of Mrs. Jennie (Charles) Pinkerton; Southerly by property of Arne Chr. Lassen; and Westerly by property of Arne Chr. Lassen and Sandra Gay Lassen.

Said property is conveyed subject to existing easements and rights of way, if any, affecting or crossing said property.

PRIOR DEED REFERENCE: The above described 6.23 acres is the same property as conveyed by Warranty Deed from Arne Chr. Lassen and Sandra Gay Lassen to Mrs. Jennie (Charles) Pinkerton dated October 4, 1988, and recorded in Deed Book 7-N, Page 252, Clerk's Office, Putnam County Superior Court.


3. The record owners of the eighth-named defendant property are Ethel Richardson, Anthony Evans and Patrice Evans.

4. The ninth-named defendant real property is located at 155 Mansfield Court, Athens, Clarke County, Georgia, which is a place within the Middle District of Georgia . Accordingly, this Court has venue under 28 U.S.C. § 1395(b).

5. The ninth-named defendant property subject to forfeiture is all that tract or parcel of land consisting of 444 Acres, more or less, commonly known as 155 Mansfield Court, Athens, Clarke County, Georgia, and any and any appurtenances and improvements thereon, which is more

particularly described as:

(b) All that tract or parcel of land more commonly known as 155 Mansfield Court, Athens, Clarke County, Georgia, and any and all appurtenances and improvements thereon, more particularly described as follows:

ALL THAT TRACT OR PARCEL OF LAND situate lying and being in the 1467th District, G. M., Athens-Clarke County, Georgia being known and designated as Lot 7 of Mansfield Subdivision, as shown on a plat entitled "Survey for Section Two of Mansfield Subdivision", dated February 15, 1982, by Landmark Engineering Corporation, said plat being recorded in the Office of the Clerk of the Superior Court for Athens-Clarke County, Georgia in Plat Book 19, page 71, which said plat and the recording thereof are by reference incorporated herein for a more complete and detailed description.

6. The record owners of the ninth-named defendant property is YF Limited Partnership, a Georgia limited partnership..

7. Probable cause exists to believe that the eighth-named defendant property and the ninth-named defendant property (hereinafter collectively referred to as "the defendant real property") were used or intended to be used, to commit, and to facilitate the commission of, violations of 18 U.S.C. § 2423(a) and is, therefore, subject to seizure and forfeiture pursuant to 18 U.S.C. § 985 and 18 U.S.C. § 2254(a)(2).

8. Facts and circumstances supporting the probable cause for the seizure and forfeiture of the defendant real property are set forth in the affidavit of Special Agent Jalaine Ward, Federal Bureau of Investigation, said affidavit being attached hereto and made a part hereof.

9. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

a. Post notice of this action and a copy of the Complaint on the defendant real property;

b. Serve notice of this action on the defendant real property owners, and any other person or

9

entity who may claim an interest in the defendant real property, along with a copy of this Complaint;

    c.  Execute a writ of entry for purposes of conducting an inspection and inventory of the defendant real property; and,

    d.  File a lis pendens in Putnam County and Clarke County records of the defendant real property's status as  defendants in this in rem action.  The United States may also, as provided in 19 U.S.C. § 1606, appraise the defendant real property when it executes the Writ of Entry.

    WHEREFORE, the plaintiff respectfully asserts that there is probable cause to believe that the defendant real property is forfeitable to the United States under 18 U.S.C. § 985 and 18 § 2254(a)(2),  and requests:

    a.  That, pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 981(j), which permits the Court to "take any action to . . . preserve the availability of the property subject to civil forfeiture," the Court issue the proposed Writ of Entry attached to this Complaint authorizing the United States Marshals Service, or its delegate, to enter the defendant real property, including any structures, on one or more occasions during the pendency of this in rem forfeiture action:

    1.  For the purpose of conducting an inspection and inventory and appraisal of the defendant real property, which inspection and inventory and appraisal may include still and video photography; and

    2.  To be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the defendant real property pursuant to 19 U.S.C. § 1606; and

    3. To be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the defendant real property; and

4.  To be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry;

b.  That the Court decree that the forfeiture of the first-named defendant property to the United States under 18 U.S.C. § 985 is confirmed, enforced, and ordered;

c.  That the Court thereafter order that the United States Marshal, or his delegate, dispose of the defendant real property as provided by law; and

d.  That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

RESPECTFULLY SUBMITTED,

MAXWELL WOOD
UNITED STATES ATTORNEY


VERDA M. COLVIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 018901

ADDRESS:

Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (912) 752-3511

11

<u>VERIFICATION</u>

STATE OF GEORGIA,

COUNTY OF BIBB.

I am a Special Agent of the Federal Bureau of Investigation, United States Department of Justice, and one of the agents assigned the responsibility for this case.

The facts set forth in this Complaint are based upon my own personal knowledge and on information provided to me by other law enforcement officers. I have read the contents of the foregoing complaint for forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __1 7th__ day of __July__, 2003.

_____
JALAINE G. WARD
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

3