```
                                          FILED
                                  U.S. DISTRICT COURT
                                    MIDDLE GEORGIA
       UNITED STATES DISTRICT COURT
    FOR THE MIDDLE DISTRICT OF GEORGIA    03 SEP 16 AM 8:30
              MACON DIVISION
```

UNITED STATES OF AMERICA,           )
                                    )
 Plaintiff,                    )
                                    )
v.                                  ) Case No. 5:03-CV-0236-2
                                    )
$3,107.90 IN UNITED STATES          )
CURRENCY, MORE OR LESS,             )
ASSET I.D. NO. 03-FBI-001190,       )
                                    )
 First-Named Defendant Property, )
                                    )
$289,303.71 IN UNITED STATES        )
CURRENCY, MORE OR LESS,             )
ASSET I.D. NO. 03-FBI-001191,       )
                                    )
 Second-Named Defendant Property, )
                                    )
$121,803.53 IN UNITED STATES        )
CURRENCY, MORE OR LESS,             )
ASSET I.D. NO. 03-FBI-001192,       )
                                    )
 Third-Named Defendant Property, )
                                    )
$9,954.22 IN UNITED STATES          )
CURRENCY, MORE OR LESS,             )
ASSET I.D. NO. 03-FBI-002141,       )
                                    )
 Fourth-Named Defendant Property, )
                                    )
$14.00 IN UNITED STATES             )
CURRENCY, MORE OR LESS,             )
ASSET I.D. NO. 03-FBI-002142,       )
                                    )
 Fifth-Named Defendant Property, )
                                    )
$6,101.71 IN UNITED STATES          )
CURRENCY, MORE OR LESS,             )
ASSET I.D. NO. 03-FBI-002145,       )
                                    )
 Sixth-Named Defendant Property, )

| | |
|---|---|
| ITEM OF JEWELRY, | ) |
| ASSET I.D. NO. 03-FBI-002171, | ) |
| | ) |
| Seventh-Named Defendant Property, | ) |
| | ) |
| ALL THAT TRACT OR PARCEL OF | ) |
| LAND CONSISTING OF 444 ACRES, | ) |
| MORE OR LESS, COMMONLY KNOWN | ) |
| AS 404 SHADY DALE ROAD, | ) |
| EATONTON, PUTNAM COUNTY, | ) |
| GEORGIA, AND ANY AND ALL | ) |
| APPURTENANCES AND | ) |
| IMPROVEMENTS THEREON, | ) |
| | ) |
| Eighth-Named Defendant Property, | ) |
| | ) |
| ALL THAT TRACT OR PARCEL OF | ) |
| LAND MORE COMMONLY KNOWN | ) |
| AS 155 MANSFIELD COURT, ATHENS, | ) |
| CLARKE COUNTY, GEORGIA, AND | ) |
| ANY AND ALL APPURTENANCES | ) |
| AND IMPROVEMENTS THEREON, | ) |
| | ) |
| Ninth-Named Defendant Property, | ) |
| | ) |

## RESPONDENTS' MOTION TO DISMISS
## AS UNCONSTITUTIONAL BILL OF ATTAINDER

NOW COMES Robert A. Ratliff, attorney for the respondent parties-in-interest, Anthony Evans, Patrice Evans, Ethel Richardson, Hagar Wallace, YF Limited Partnership, the Ancient Egyptian Order, the Al Mahdi Shrine Temple No. 19, the Nuwaupian Grand Lodge of Freemasonry, and the Egiptian Church of Christ, on behalf of each of the named defendant properties identified above, and submits this motion to dismiss the forfeiture complaint due to the fact that the statutes employed by the government as authorization for the forfeiture, work as impermissible bills of attainder, which are prohibited by Article 1, Section 9, Clause 3 of the

United States Constitution.

1. The Respondents are the rightful legal owners of the defendant real properties and the defendant money and item of jewelry, which do not constitute the proceeds of a violation of 18 U.S.C. § 2423(a), and were not used to facilitate such a violation.

2. The government seized the identified properties after executing search warrants against the eighth and ninth-named defendant real properties, following the indictment of Dwight York and Kathy Johnson by a federal grand jury for violations of 18 U.S.C. § 2423(a).

3. The property that the government seeks to forfeit was not and is not the property of Dwight York and Kathy Johnson. Instead, the property the government is seeking to forfeit is rightfully owned by the Respondents, who have committed no crimes, and who had no knowledge of the crimes committed by York and Johnson. If the property is forfeited immediately, as has been the cash and currency, punishment will have been inflicted on the Respondents without a trial, or even an accusation of their guilt.

4. "A bill of attainder is a legislative act which inflicts punishment without a judicial trial." United States v. Lovett, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946). Title 18 U.S.C. §§ 981(a)(1)(C) and 2254(a)(3) constitute bills of attainder because they are acts of Congress being utilized by the government to inflict punishment on the Respondents without a judicial trial. The Respondents have committed no crimes, but are being punished just like the actual perpetrators, York and Johnson, by having their real and personal property taken away from them.

WHEREFORE, in consideration of the foregoing, as well as the attached memorandum of law, the Respondents respectfully request that this Court dismiss the forfeiture complaint, and order that the seized property be returned to the Respondents.

Respectfully submitted,

_____
Robert A. Ratliff
Attorney for the Respondents
Shields, Ratliff, Green & Kern, P.C.
160 St. Emanuel Street
P.O. Box 2353
Mobile, Alabama 36652-2353
(251) 432-1656
(251) 432-3357

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing, as well as the attached memorandum of law, were sent this 12 day of September, 2003, by regular U.S. mail with sufficient postage affixed to insure delivery to the Assistant United States Attorney, Verda M. Colvin, P.O. Box 1702, Macon, Georgia, 31202-1702.

_____
Robert A. Ratliff
Attorney for the Respondents