IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| $3,107.90 in UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-001190, et al., | : Civil Action<br>: No. 5:03-cv-236-2 |
| Defendant Property | : |

### THE UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION

COMES NOW the United States of America, by and through it's attorney, the United States Attorney for the Middle District of Georgia, and files this Motion for Reconsideration of the Order Lifting the Stay in part. The United States has conferred with counsel for claimants, Robert Ratliff, and he has no objection to this motion.

1. A final order of forfeiture was entered in the underlying criminal case (<u>United States v. York</u>, Case No. 5:02-CR-27) on July 12, 2004 with regard to the parcels of real property that comprise the Eight and Ninth-named Defendant properties.

2. On August 19, 2004 this Honorable court Ordered that it's Stay Order of March 18, 2004 be lifted and that the Eighth and Ninth-named Defendant properties be dismissed from the Government's Complaint in light of the final order of forfeiture entered in the criminal case.

3. The Government now comes and respectfully requests that the court reconsider

it's Order dismissing the above-mentioned parcels of real property and allow the Government to proceed with its complaint as to both parcels of real property.

4. The Government makes this request based upon several factors: First, the criminal case, including the forfeiture counts, are on appeal by the defendant in the underlying criminal case, Dwight D. York aka Malaki Z. York, and the third party claimants, namely Anthony Evans, Patrice Evans, Ethel Richardson and YF Limited Partnership. Secondly, the burden of proof is much less stringent in a civil case and, therefore, any favorable ruling in the instant case would be less vulnerable to any possible appeal. Finally, having both parcels of real property maintained in the complaint may facilitate possible settlement negotiations which may resolve the criminal forfeiture appeal (at least as to the third party claimants) as well as this civil litigation.

5. Defendant York, Anthony Evans, Patrice Evans, Ethel Richardson and YF Limited Partnership have filed appeals regarding the criminal forfeiture verdicts. The Court of Appeals' view of the trial evidence and the forfeiture counts may vary from that of the jury or the Government's theory of the case. The forfeiture verdict is dependent on the underlying substantive offenses; therefore, if the conviction for the substantive offenses is invalidated, the forfeiture conviction fails as well. Consequently, the Government would prefer to proceed with the civil forfeiture of these parcels of real property to ensure that they are forfeited and not solely rely on the criminal forfeiture conviction.

6. In the instant civil case the burden of proof is preponderance of the evidence, a much lower burden than the criminal case which was beyond a reasonable doubt.

Therefore, it is important for the Government to proceed with this parallel civil forfeiture which, if successful, can stand alone despite any adverse decision on the criminal appeal. It is important to note that the Government would simply present the transcript and exhibits from the criminal forfeiture ancillary hearing for the court's consideration. The Government does not expect that claimants would present any additional evidence as the same forfeiture theory was presented in the ancillary hearing.

7. There is a possibility that the parcels of real property may facilitate settlement negotiations in the civil litigation. There have been some negotiations regarding a possible settlement of this matter. If the properties are maintained in the civil forfeiture complaint, they would aid in structuring a settlement which may be amenable to all parties.

8. The Government acknowledges that it initially requested a stay of the instant case contemplating the criminal case would resolve all issues regarding the parcels of real property. However, in hindsight, the Government realizes that proceeding under parallel civil forfeiture and criminal prosecution is the most judicially efficient method of ensuring that this forfeiture issue is resolved with no significant appellate issues for either party.

For all the foregoing reasons, the Government respectfully requests that the court rescind or amend it's Order Lifting Stay to specifically allow the Government to proceed against the Eighth and Ninth-named defendant properties.

Respectfully submitted, this 30th day of August, 2004.

_____
VERDA M. COLVIN
ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I, Verda M. Colvin, Assistant United States Attorney, do hereby certify that I have this date served THE UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION by mailing with first class postage a copy of same, to:

Robert A. Ratliff
Attorney at Law
Roberts, Shields & Green, P.C.
160 St. Emanuel Street
Mobile, Alabama 36602

This 30th day of August, 2004.

_____
VERDA M. COLVIN
ASSISTANT UNITED STATES ATTORNEY
STATE BAR NO. 018901

ADDRESS:
433 Cherry Street
Post Office Box 1702
Macon, GA 31202-1702

(478)621-2700