# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| v. | : | |
| | : | Civil Action 5:03-CV-236 (DF) |
| **$3,107.90 in UNITED STATES** | : | |
| **CURRENCY, MORE OR LESS,** | : | |
| **ASSET I.D. NO. 03-FBI-001190,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendant Property.** | : | |

### *ORDER ON PLAINTIFF'S MOTION TO STRIKE*

Plaintiff United States of America ("the Government") has moved the Court to strike the claims of the Claimants in this case and to enter a final order of forfeiture, based on the Claimants' failure to prosecute their actions. Upon review of the record, the Court finds that Claimants have failed to prosecute and that their conduct has been dilatory. Nevertheless, their conduct, though blameworthy, does not justify striking their claims. Accordingly, the motion to strike (Doc. 97) must be **DENIED**.

As the Court noted in a previous Order denying Claimants' second motion for an extension of time to file a response to the motion to strike, Claimants have done nothing for over a year to prosecute their case. Claimants' original counsel sought to withdraw as early as November 14, 2004, noting that he was unable to communicate with his clients. Between November 14, 2004, and February 14, 2006, no new counsel entered an appearance on Claimants' behalf, and Claimants made no attempts to communicate with the Court or with the Government. Only at the last possible moment, when the Government filed its motion to strike, did the Claimants finally make an appearance, to ask for

additional time to retain an attorney and file a response to the motion. The Court granted the extension. After its expiration, Claimants' new counsel requested additional time to respond, which the Court denied.

Although Claimants have acted in a dilatory manner and have completely failed to prosecute their claims, their conduct does not justify the extreme sanction sought by the Government. Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions for failure to cooperate in discovery. As one possible sanction, a court may issue an order "striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). Such sanctions are appropriate, however, only "'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'" United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). In this case, no discovery order has been issued. The Government has not moved the Court to compel any discovery from Claimants. In the absence of such a motion, and an order from this Court compelling production or disclosure, the Court cannot strike the Claimants' pleadings.

The Court will, however, grant the Government an additional 90 days, from the date of this Order, to pursue any necessary discovery from the Claimants. Deadlines for filing dispositive motions shall be adjusted accordingly. Claimants are expected to cooperate fully in discovery, and the Court will show little tolerance for any further delays.

SO ORDERED, this the 12th day of April, 2006.

                                         /s/ Duross Fitzpatrick
                                         **DUROSS FITZPATRICK**
                                         **UNITED STATES DISTRICT JUDGE**

chw