IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :     CASE NO. 5:03-CV-0236-2(HL) |
| $3,107.90 IN UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-001190; | : |
| First-Named Defendant Property | : |
| $289,303.71 IN UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-001191; | : |
| Second-Named Defendant Property | : |
| $121,803.53 IN UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-001192; | : |
| Third-Named Defendant Property | : |
| $9,954.22 IN UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-002141; | : |
| Fourth-Named Defendant Property | : |
| $14.00 IN UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-002142; | : |
| Fifth-Named Defendant Property | : |
| $6,101.71 IN UNITED STATES CURRENCY, MORE OR LESS, ASSET I.D. NO. 03-FBI-002145; | : |
| Sixth-Named Defendant Property | : |

| | |
|---|---|
| ITEMS OF JEWELRY,<br>ASSET I.D. NO. 03-FBI-002171; | :<br>:<br>: |
| Seventh-Named Defendant Property | :<br>: |
| ALL THAT TRACT OR PARCEL OF<br>LAND CONSISTING OF 444 ACRES,<br>MORE OR LESS, COMMONLY KNOWN<br>AS 404 SHADY DALE ROAD,<br>EATONTON, PUTNAM COUNTY,<br>GEORGIA, AND ANY AND ALL<br>APPURTENANCES AND<br>IMPROVEMENTS THEREON, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Eighth-Named Defendant Property | :<br>: |
| And | :<br>: |
| ALL THAT TRACT OR PARCEL OF<br>LAND MORE COMMONLY KNOWN<br>AS 155 MANSFIELD COURT, ATHENS,<br>CLARKE COUNTY, GEORGIA, AND<br>ANY AND ALL APPURTENANCES<br>AND IMPROVEMENTS THEREON, | :<br>:<br>:<br>:<br>:<br>: |
| Ninth-Named Defendant Property | :<br>:<br>: |

<u>THE UNITED STATES OF AMERICA'S MOTION TO STRIKE CLAIM AND ANSWER AND MOTION FOR FINAL ORDER OF FORFEITURE AS TO DEFENDANT PROPERTY CLAIMED BY YF LIMITED PARTNERSHIP, NUWAUPIAN GRAND LODGE OF FREEMASONRY, AL MAHDI SHRINE TEMPLE NO. 19, EGIPTIAN CHURCH OF CHRIST, ANCIENT EGIPTIAN ORDER, ANTHONY EVANS, PATRICE EVANS , ETHYL RICHARDSON, RICHELLE YORK DAVIS, HAGAR WALLACE, CLAUDE TURNER AND ALFONSE WOODALL</u>

COMES NOW, the United States of America and respectfully request that the

court strike Claimants', YF Limited Partnership, Nuwaupian Grand Lodge of

Freemasonry, Al Mahdi Shrine Temple No. 19, Egiptian Church of Christ, Ancient

Egiptian Order, Anthony Evans, Patrice Evans, Ethyl Richardson, Richelle York Davis,

Hagar Wallace, Claude Turner and Alfonse Woodall, claims and answers for failure to prosecute and requests entry of a Final Order of Forfeiture as to all Nine-Named Defendant Properties.  In support of this request, the United States submits the following:

1. On July 18, 2003 the United States filed a verified Complaint for forfeiture against the above enumerated defendant properties, named-defendant properties one through nine.  On July 21, 2003, the United States executed warrants of arrest <u>in rem</u> on the First, Second, Third, Fourth, Fifth, Sixth and Seventh Named Defendant Properties.  On July 24, 2003 the United States executed warrants of arrest <u>in rem</u> on the Eighth and Ninth Defendant Properties.

2. Pursuant to Rule C(6) of the Supplement Rules for Certain Admiralty and Maritime Claims and the warrant of arrest <u>in rem</u>, all persons claiming an interest in the defendant properties were required to file their claim with the Clerk fo the Court within thirty days after the service of the complaint or, as applicable, not later than thirty days after the date fo final publication of notice of the filing of the complaint.  In addition, any person having filed such a claim shall also file an answer to the complaint, not later than twenty days after the filing of the claim.

3. The United States published notice of the seizure of and pending forfeiture against the defendant properties in the <u>Athens Banner-Herald</u>, a newspaper of general circulation in this district, once a week for three consecutive weeks on August 7, August 14, and August 21, 2003.

4. On or about July 18, 2003, the United States served direct notice of this forfeiture action on potential claimants Dwight D. York a/k/a Malachai Z. York, Isa Muhammad, Isa Alihad Mahdi, Baba, d/b/a the Ansaru Allah Community, The United Nation of Nuwaubian Moors, the Al Mahdi Shriners, Ethel Richardson, YF Limitied Partnership, Anthony Evans, Patrice Evans, and Countrywide Home Loans, Inc. by sending a notice of forfeiture, along with a copy of the summons, complaint, warrant of arrest in rem, and motion for service by publication and proposed order, via certified mail, return receipt requested, to potential claimants and/or their counsel of record.  The notice of forfeiture advised that claims contesting the forfeiture of the defendant property were required to be filed within thirty days of execution of process, and the answers were to be filed within twenty days of the filing of the claim.

5. On or about August 18, 2003 claimant, Countrywide Home Loans filed a timely verified Claim and Answer, claiming an interest in the Ninth Named Defendant Property, namely 155 Mansfield Court, Athens, Georgia.

6. The United States of America and Countrywide Home Loans entered into a Stipulation agreeing to satisfy the claim of Countrywide Home Loans on June 28, 2004.

7. On or about September 16, 2003, potential claimants, Anthony Evans, Patrice Evans and Ethel Richardson filed a timely verified Answer, claiming an interest in the Eighth Named Defendant Property, namely 404 Shady Dale Rd., Eatonton, Putnam County, Georgia.

8. On or about September 16, 2003, potential claimant YF Limited Partnership, filed a timely verified Answer, claiming an interest in the Ninth Named Defendant Property, commonly known as 155 Mansfield Court, Athens, Georgia.

9. On or about September 16, 2003, potential claimants (Ancient) Egiptian Church of Christ (also known as "Karast"), the Nuwaupian Grand Lodge of Freemasonry, the Al Mahdi Shrine Temple No. 19, the Ancient Egiptian Order, and Hagar Wallace, filed a timely verified Answer, claiming an interest in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Named Defendant Properties, namely all monetary property and jewelry seized.

10. However, upon review of the individual Claims that were filed each claimant sought individual respective properties on September 15, 2003. Specifically, YF Limited Partnership claimed ownership of the Ninth-Named Defendant Property. Ancient Egiptian Order claimed ownership of the First-Named Property. Ancient Egiptian Church of Karast and Al Mahdi Shrine Temple claimed the First, Second, Third, Fourth and Sixth Named Defendant Properties. No particular entity made a specific claim to the Fifth and Seventh Named Defendant property. The only document that speaks of a claim is the initial answer to Government's Civil Complaint. As that document named several different entities it is impossible to determine which entity specifically claims the Fifth and Seventh Named Properties.

11. In February 2004 a Third Party's Notice of Claim in Forfeiture Proceedings filed by Ronnie E. Jones, Esq., as he had a judgment lien for legal services.

12. No other claims or answers have been filed against the defendant properties, to-wit: the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, or Ninth Named Defendant Properties and the time for filing such claims and answers has now expired.

13. On September 24, 2003 an Order granting a Stay of the Civil Forfeiture proceeding was executed . This stay remained in effect until it was lifted on August 19, 2004.

14. On October 15, 2004 the court issued an Order dismissing Claimant's Motion to Dismiss the complaint. The court also issued as Rules 16 & 26 Order.

15. On or about November 30, 2004 Claimants' counsel, Robert Ratliff, moved to withdraw from the case citing no specific reasons and without affixing a signature. The document was returned, unfiled by the Clerk of Court.

16. The parties agreed after consultation to a Proposed Scheduling Order on December 3, 2004. This Order was adopted by the court on December 6, 2004.

17. On January 19, 2005 Claimants' counsel, Robert Ratliff, filed a Motion to Withdraw citing claimants' failure to pay fees and communicate with counsel.

18. The court dismissed this Motion to Withdraw on March 9, 2005 as it failed to comply with Rule 83.14 of the Local Rules of the United States District Court for the Middle District of Georgia.

19. On May 4, 2005 Claimants' counsel filed another Motion to Withdraw, complying with the local rules of the Middle District of Georgia.  Counsel included a copy of a letter mailed to four of the claimants which indicated that he had attempted to inform them of his desire to withdraw as counsel. He also informed them of their obligation to prepare for trial or hire other counsel as the discovery deadline was December 31, 2005.

20. The court issued an Order granting the Motion to Withdraw filed by Robert A. Ratliff, Esq. on June 20, 2005.  This Order allowed him to withdraw from his representation of Anthony and Patrice Evans, Richelle York Davis and Ms. Ethel Richardson.

21. On July 20, 2005 the United States of America entered into a Stipulated Settlement Agreement with the Third-Party Claimant, Ronny E. Jones, Esq. to pay a total of $17,807.33.  On July 22, 2005 a Consent Order, signed by the parties and the court, was entered.

22. On October 25, 2005 a Notice of Hearing was served for a Telephone Conference set for November 3, 2005 at 2:30 p.m.

23. On October 27, 2005 Robert Ratliff, Esq. filed a Motion to Withdraw as counsel for the additional claimants, Egiptian Church of Karast, Inc., The Ancient Egiptian Order, LLC, Nuwaupian Grand Lodge AF & AM Inc., YF Limited Partnership, Al Mahdi Shrine Temple, No. 19, Alfonse Woodall

and Claude Turner. Counsel indicated that he had received no contact from any claimant and no indication of their intent to continue the litigation whatsoever.

24. On the same date, namely, October 27, 2005, Claimants' counsel filed a Motion to Continue the telephonic conference. This request was granted and the conference was rescheduled for December 7, 2005.

25. The conference was held as scheduled and the court granted Counsel's request to withdraw on December 7, 2005.

26. On January 19, 2006 Government filed a Motion to Strike Claim and Answer and Motion for Final Order of Forfeiture as to Defendant Property claimed by the various claimants.

27. A Motion for Extension of Time and Motion to Allow Time to Obtain Counsel was filed on February 14, 2006 and Government responded requesting that such a request be denied.

28. An extension was granted on February 14, 2006 allowing a ten day extension to respond to Government's Motion to Strike Claim and Answer and Motion for Final Order of Forfeiture.

29. Attorney Randall Cahill filed a Motion for Extension fo Time to file Response to Government's initial Motion to Strike on February 27, 2006.

30. Judge Wilbur Owens denied the above-mentioned request on March 7, 2006.

31. Judge Duross Fitzpatrick issued an Order on April 12, 2006 denying Government's Motion to Strike Claim and Answer and Motion for Final Order of Forfeiture.

32. On April 13, 2006 a Scheduling Order was issued mandating that discovery be completed by July 11, 2006.

33. Government filed a Motion to Compel Discovery on May 1, 2006 as discovery was not being provided within the deadlines structured.

34. Government agreed to allow additional time for discovery but no discovery was ever produced.  Claimants counsel, Randall Cahill filed a Motion for Extension on September 27, 2006.

35. On December 29, 2006 this case was reassigned to Judge Hugh Lawson.

36. A status conference was held on April 12, 2007.  Government was instructed to file it's Motion to Strike Claim and Answer and Motion for Final Order of Forfeiture.  Counsel for Claimants conceded that his clients had not cooperated in discovery and his only request was that his clients be allowed to retrieve a specific item of jewelry which is symbolic for their "religious" organization.

## ARGUMENT

It is clear from a review of the chronology of events that all the Claimants, Anthony and Patrice Evans, Ethel Richardson and Richelle York Davis, Egiptian Church of Karast, Inc., The Ancient Egiptian Order, LLC, Nuwaupian Grand Lodge AF & AM Inc., YF Limited Partnership, Al Mahdi Shrine Temple, No. 19, Alfonse Woodall and Claude Turner, have abandoned their claims and answers of the First, Second, Third, Fourth, Fifth, Sixth, and Eighth named defendant property.  Claimants have never responded to either of the letters sent to them by their counsel, Robert Ratliff, in reference to his request to withdraw as counsel from their case.  They never contacted

the government or the court to indicate they had any interest whatsoever in the litigation they began on August 12, 2003, with the filing a Motion for Extension of Time to File Additionally, Claimants never responded to the notices sent by the court. Additionally, the claimants were aware that a Scheduling Order was in effect and they never complied with any of the deadlines ordered by this court.  Furthermore, the claimants have been derelict in their efforts to assist their current counsel in this case.

     Striking a pleading is permissible when a party has abandoned their claim and answer as these claimants have done.  These claimants, four of which were involved in the criminal forfeiture Third-Party Ancillary proceeding, were well aware of the active civil complaint.  They cooperated with their counsel up until the Scheduling and Discovery Order was executed.  However, after that, they failed to communicate with their counsel.  Claimants never contacted their attorney to begin to comply with the filing requirements of the Scheduling Order executed by the court on December, 2004.  A year later, they continued to be dilatory.  They failed to respond to their counsel's Request to Withdraw, they failed to respond to the their counsel's request to notify him and/or the court as to how they wished to proceed with the litigation, they failed to respond to the court's notice of a telephonic conference on the Motion to Withdraw, and they failed to respond to the granting of the Motion to Withdraw on December 7, 2005.

     The subsequently, sought to get additional time from the court.  In fact, Judge Fitzpatrick gave claimants every opportunity to seek the redress they demanded initially. They have failed even with new counsel, Randall Cahill.  Mr. Cahill recognizes the validity of this Motion and simply requested the return on the item of jewelry which is a symbol of the claimant's organization.  Government has no philosophical objection to this request.  However, the only claim to this item was in the initial Answer to the

Complaint which listed various claimants. This Answer failed to identify which entity claimed the item of jewelry. Consequently, it is uncertain if Mr. Cahill's client would be legally entitled to the same. However, if the claimant's claims are dismissed then all the property then will be forfeited to the Government and we would have no objection to voluntarily giving Mr. Cahill's client that item of jewelry in question.

While dismissal of the claim and answer is an extreme sanction, this remedy is one that is expressly authorized under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. The Eleventh Circuit has held that this sanction is appropriate, particularly where the party against whom sanctions are sought has willfully or in bad faith disobeyed a previous order compelling participation in the discovery process. It should also be noted that the Circuit Court, while supporting the use of this extreme sanction, has cautioned the District Courts to make certain such is appropriate under the facts and circumstances of each case. *See*, *Cox v. American Cast Iron Pipe Co.*, 984 F.2d 1546 (11th Cir. 1986); *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987): and *United States v. Certain Real Property Located at Route 1, Bryant Alabama, et al*, 126 F.3d 1314 (11th Cir. 1997).

The utter lack of reasons for such a clear abandonment of Claimants' claim and answer is a substantial factor in favor of granting the Motion to Strike. Courts have held that claimant's lack of contact with their counsel, the court and the government constitute a pattern of dilatory conduct justifying the striking of a claim and answer. United State Currency in the amount of Twenty-Four Thousand One Hundred Seventy Dollars ($24,170.00) More or Less, 147 F.R.D. 18 (E.D. New York, 1993); See also, National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S.639, 642-43, 96 S. Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976). If the court grants Government's request to

Strike the Claim and Answer, then there would be no claims asserted and the Government should be granted a Final Order of Forfeiture (<u>See</u>, Attachment).

THEREFORE, in accordance with the authority cited above, the United States moves the Court for an Order, pursuant to Fed. R. Civ. P. 37(b)(2)(C), striking Claimant's claims and answers and requests that this Honorable Court enter a final order forfeiting to the United States the defendant properties identified herein.

Respectfully submitted, this 27th day of April, 2007.

                                        MAXWELL WOOD
                                        UNITED STATES ATTORNEY

                                        s/VERDA M. COLVIN
                                        ASSISTANT UNITED STATES ATTORNEY
                                        GEORGIA BAR NO. 018901

ADDRESS:

Post Office Box 1702
Macon, GA 31202-1702
Telephone: (478) 621-2700