# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 5:03-cv-236 (HL) |
| **$3,107.90 IN UNITED STATES** : | |
| **CURRENCY, MORE OR LESS,** : | |
| **ASSET I.D. NO. 03-FBI-001190;** : | |
| : | |
| First-Named : | |
| Defendant Property, : | |
| : | |
| **et al.** : | |
| _____ | |

# **ORDER**

On April 27, 2007, plaintiff, the United States of America, filed a Motion to Strike Claim and Answer and Motion for Final Order of Forfeiture (Doc. 136). No response to the Motion has been made. After consideration of the Motion and the proceedings in this case, the Court hereby grants the Motion, and enters a final order of forfeiture, as more fully set forth below.

On July 18, 2003, the United States filed a verified complaint for forfeiture against named defendant properties one through nine. After the necessary statutory procedures were followed, answers and claims were filed regarding the defendant properties, as set forth below:

On August 18, 2003, Countrywide Home Loans filed a verified claim and answer, claiming an interest in the ninth-named defendant property, namely 155 Mansfield Court,

Athens, Georgia.[1]

On September 16, 2003, Anthony Evans, Patrice Evans, and Ethel Richardson filed a verified answer, claiming an interest in the eighth-named defendant property, namely 404 Shady Dale Road, Eatonton, Georgia. Also on September 16, 2003, Anthony Evans and Patrice Evans filed claims for the eighth-named defendant property; Ethel Richardson filed a claim for the eighth-named defendant property on September 25, 2003.

Also on September 16, 2003, YF Limited Partnership filed a verified answer, claiming an interest in the ninth-named defendant property, namely 155 Mansfield Court, Athens, Georgia. YF Limited Partnership filed a claim for the ninth-named defendant property on September 25, 2003.

Additionally, on September 16, 2003, (Ancient) Egiptian Church of Christ (also known as "Karast"), the Nuwaupian Grand Lodge of Freemasonry, the Al Mahdi Shrine Temple No. 19, the Ancient Egiptian Order, and Hagar Wallace, filed a verified answer, claiming an interest in the first, second, third, fourth, fifth, sixth, and seventh-named properties, namely all money and jewelry seized. Also on September 16, 2003, Nuwaupian Grand Lodge of Freemasonry and Al Mahdi Shrine No. 19 filed claims for the second-named defendant property. The Ancient Egiptian Order filed a claim for the first-named defendant property on September 25, 2003; the claim was verified by YF Limited Partnership.

On September 30, 2003, a group of donors filed a claim for the first, second, third,

---

[1] On June 24, 2004, the United States and Countrywide entered into a stipulation as to the claims of Countrywide. (Doc. 136, United States' Motion to Strike ¶ 6.)

fourth, and sixth-named defendant properties. The claim was verified by counsel on behalf of the group of donors. The donors were to be named individually in an exhibit to the claim, however, no exhibit was attached. No other claims were made to the defendant properties, although Ronny E. Jones made a claim to $16,880.00 based on a judgment obtained against Malachi York prior to the filing of this case.[2]

Because of a pending criminal action against Malachi York, a stay was put in place as to the civil forfeiture proceeding. The stay remained in place for approximately one year, after which the stay was lifted. However, little progress was made on the case. By order entered December 8, 2005, counsel for claimants was allowed to withdraw from representation. Thereafter, the United States filed a Motion to Strike Claims and Answers. The claimants obtained new counsel who responded to the Motion to Strike. In ruling on the Motion to Strike, on April 12, 2006, the Court noted that claimants had failed to prosecute their claims and their conduct had been dilatory, but the Court denied the Motion nevertheless. The Court then gave the Government 90 days to pursue discovery, directing claimants to cooperate fully in discovery.

On May 1, 2006, the United States filed a Motion to Compel Discovery, requesting that claimants be required to provide initial disclosures. Claimants filed their initial disclosures on July 25, 2006, and moved for an extension of time to complete discovery on August 7, 2006. The Court, on September 14, 2006, extended discovery to January 2, 2007, and, on October 27,

---

[2] The United States and Mr. Jones reached an agreement as to his claims. That agreement is memorialized in an Order entered July 22, 2005 (Doc. 85).

2006, denied as moot the United States' Motion to Compel Discovery.

By December 29, 2006, when the case was assigned to the undersigned, little progress had been made. On April 11, 2007, the Court held a telephone status conference with counsel for the United States and counsel for claimants. Counsel for claimants acknowledged that despite the extensions for discovery, discovery responses had not been provided to the Government. Counsel for claimants also acknowledged that he had lost contact with his clients. Following the status conference, the United States filed the Motion at issue here. Because the United States failed to accomplish service by mail on the individual claimants, by Order entered July 6, 2007, the Court directed the United States to serve copies of the Motion on the individual claimants. In the July 6, 2007, Order, the Court advised the claimants that failure to respond to the Motion would "result in an order by the Court striking the answer and claim of that claimant and directing the entry of final order of forfeiture as to that claim or that claimant's portion thereof." (Order of July 6, 2007 at 2.) No response to the Motion has been received by the Court on behalf of any claimant.

In view of the foregoing, therefore, the Court finds that the relief requested by the United States in its Motion to Strike is appropriate and directs as follows:

Third-party claims and answers filed by YF Limited Partnership, Nuwaupian Grand Lodge of Freemasonry, Al Mahdi Shrine Temple No. 19, Ancient Egiptian Church of Christ (also known as "Karast"), Ancient Egiptian Order, Anthony Evans, Patrice Evans, Ethel

Richardson, Richelle York Davis[3], Alfonse Woodall[4], Claude Turner[5] and Hagar Wallace are hereby stricken in their entirety for failure to prosecute in accordance with Federal Rule of Civil Procedure 37(b)(2)(C).

All right, title, and interest to the properties described below are hereby forfeited to and vested in the United States, which shall have clear title to the same:

1. $3,107.90 in United States Currency, more or less, Asset I.D. No. 03-FBI-001190;

2. $289,303.71 in United States Currency, more or less, Asset I.D. No. 03-FBI-001191;

3. $121,803.53 in United States Currency, more or less, Asset I.D. No. 03-FBI-001192;

4. $9,954.22 in United States Currency, more or less, Asset I.D. No. 03-FBI-002141;

5. $14.00 in United States Currency, more or less, Asset I.D. No. 03-FBI-002142;

6. $6,101.71 in United States Currency, more or less, Asset I.D. No. 03-FBI-002145;

7. Items of Jewelry, Asset I.D. No. 03-FBI-002171;

8. All that tract or parcel of land consisting of 444 acres, more or less, commonly known as 404 Shady Dale Road, Eatonton, Putnam County, Georgia, and any and all appurtenances and improvements thereon; and

9. All that tract or parcel of land more commonly known as 155 Mansfield Court,

---

[3] Richelle York Davis, along with Elizabeth York Westbrook, verified the claims of ownership submitted on behalf of the Ancient Egiptian Order and YF Limited Partnership. (Doc. 49 at 4; Doc. 50 at 5.) She also appears on the record as the agent for YF Limited Partnership.

[4] Alfonse Woodall verified the claim of ownership submitted on behalf of the Nuwaupian Grand Lodge of Freemasonry. (Doc. 40 at 5.)

[5] Claude Turner verified the claim of ownership submitted on behalf of Al Mahdi Shrine Temple No. 19. (Doc. 41 at 4.)

Athens, Clarke County, Georgia, and any and all appurtenances and improvements thereon.

This Order is the final order of forfeiture in this case. Upon entry of this Order, the United States Marshals Service shall issue a check in the amount of $17,807.33, made payable to Ronny E. Jones, Esq., in accordance with the Consent Order of Forfeiture previously filed in this case, and shall forward said check to the United States Attorney's Office for distribution to Mr. Jones.

The United States Attorney General, or his authorized designee, shall dispose of this property in accordance with 21 U.S.C. § 881, and as otherwise required by law. There being no other matters remaining, the Clerk is directed to close the case.

**SO ORDERED**, this the 24th day of September, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls